TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00794-CV






In re the Texas Senate and the Honorable Rodney Ellis, Relators






ORIGINAL PROCEEDING FROM TRAVIS COUNTY






PER CURIAM


 Relators, the Texas Senate and the Honorable Rodney Ellis, petition this court to
issue a writ of mandamus ordering the district court to vacate an order prohibiting relators from
conducting a secret ballot regarding the election of the acting Lieutenant Governor of Texas. We
will deny the relators' petition for writ of mandamus.

 Texas law "prohibit[s] secret meetings of the legislature, committees of the
legislature, and other bodies associated with the legislature, except as specifically provided in the
constitution." See Tex. Gov't Code Ann. § 551.003 (West 1994) (emphasis added). At issue is
whether selection by the Texas Senate of one of its members to perform the duties of Lieutenant
Governor is one of the exceptions.

 This petition arises from the first practical test of the 1999 constitutional amendment
governing succession in the Texas executive branch. When the office of the Governor becomes
vacant, the Lieutenant Governor "becomes governor for the remainder of the term being served
by the Governor who . . . vacated the office." Tex. Const. art. 4, § 16(d). When President-elect
George W. Bush resigned as Governor, former Lieutenant Governor Rick Perry became
Governor. This triggered the following constitutional provision:


 If the office of Lieutenant Governor becomes vacant, the President pro tempore of
the Senate shall convene the Committee of the Whole Senate within 30 days after
the vacancy occurs. The Committee of the Whole shall elect one of its members
to perform the duties of the Lieutenant Governor in addition to the member's duties
as Senator until the next general election.

 

Tex. Const. art. 3, § 9 (emphasis added). 

 The Senate is scheduled to convene on December 28, 2000 to perform this duty. 
The Texas constitution permits the Senate to determine the rules of its own proceedings. Tex.
Const. art. 3, § 11. The constitution expressly permits the Senate to vote by means other than
viva voce when electing its officers. Tex. Const. art. 3, § 41. Relators state in their brief that
"the Senate proposes to elect the new President of the Senate by anonymous balloting." (Emphasis
added.) Relators contend therefore that this election is a constitutionally recognized exception to
the Open Meetings Act. See Tex. Gov't Code Ann. § 551.003.

 The difference in the language emphasized in the previous paragraphs is significant. 
Though the constitutionally defined duties of Lieutenant Governor include being President of the
Senate, they include more:


 (c) In the case of the temporary inability or temporary disqualification of the
Governor to serve, the impeachment of the Governor, or the absence of the
Governor from the State, the Lieutenant Governor shall exercise the powers and
authority appertaining to the office of Governor until the Governor becomes able
or qualified to resume serving, is acquitted, or returns to the State.


 (d) If the Governor refuses to serve or becomes permanently unable to serve, or if
the office of Governor becomes vacant, the Lieutenant Governor becomes
Governor for the remainder of the term being served by the Governor who refused
or became unable to serve or vacated the office.


Tex. Const. art. 4, § 16. Though whomever the Senate selects will not become Lieutenant
Governor, he or she is constitutionally required to exercise the duties of the Lieutenant Governor,
both within the Senate and without. The exception permitting secret ballots for officer elections
does not apply. 

 The relators' argument that the district court lacks jurisdiction to intrude on the
Senate's internal rulemaking and elections is subject to the same constitutional infirmities.

 We deny the relators' petition for writ of mandamus.


Before Chief Justice Aboussie, Justices Yeakel and Patterson

Petition for writ of mandamus denied

Filed: December 27, 2000

Do Not Publish 


>

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00794-CV






In re the Texas Senate and the Honorable Rodney Ellis, Relators






ORIGINAL PROCEEDING FROM TRAVIS COUNTY






PER CURIAM


 Relators, the Texas Senate and the Honorable Rodney Ellis, petition this court to
issue a writ of mandamus ordering the district court to vacate an order prohibiting relators from
conducting a secret ballot regarding the election of the acting Lieutenant Governor of Texas. We
will deny the relators' petition for writ of mandamus.

 Texas law "prohibit[s] secret meetings of the legislature, committees of the
legislature, and other bodies associated with the legislature, except as specifically provided in the
constitution." See Tex. Gov't Code Ann. § 551.003 (West 1994) (emphasis added). At issue is
whether selection by the Texas Senate of one of its members to perform the duties of Lieutenant
Governor is one of the exceptions.

 This petition arises from the first practical test of the 1999 constitutional amendment
governing succession in the Texas executive branch. When the office of the Governor becomes
vacant, the Lieutenant Governor "becomes governor for the remainder of the term being served
by the Governor who . . . vacated the office." Tex. Const. art. 4, § 16(d). When President-elect
George W. Bush resigned as Governor, former Lieutenant Governor Rick Perry became
Governor. This triggered the following constitutional provision:


 If the office of Lieutenant Governor becomes vacant, the President pro tempore of
the Senate shall convene the Committee of the Whole Senate within 30 days after
the vacancy occurs. The Committee of the Whole shall elect one of its members
to perform the duties of the Lieutenant Governor in addition to the member's duties
as Senator until the next general election.

 

Tex. Const. art. 3, § 9 (emphasis added). 

 The Senate is scheduled to convene on December 28, 2000 to perform this duty. 
The Texas constitution permits the Senate to determine the rules of its own proceedings. Tex.
Const. art. 3, § 11. The constitution expressly permits the Senate to vote by means other than
viva voce when electing its officers. Tex. Const. art. 3, § 41. Relators state in their brief that
"the Senate proposes to elect the new President of the Senate by anonymous balloting." (Emphasis
added.) Relators contend therefore that this election is a constitutionally recognized exception to
the Open Meetings Act. See Tex. Gov't Code Ann. § 551.003.

 The difference in the language emphasized in the previous paragraphs is significant. 
Though the constitutionally defined duties of Lieutenant Governor include being President of the
Senate, they include more:


 (c) In the case of the temporary inability or temporary disqualification of the
Governor to serve, the impeachment of the Governor, or the absence of the
Governor from the State, the Lieutenant Governor shall exercise the powers and
authority appertaining to the office of Governor until the Governor becomes able
or qualified to resume serving, is acquitted, or returns to the State.


 (d) If the Governor refuses to serve or becomes permanently unable to serve, or if
the office of Governor becomes vacant, the Lieutenant Governor becomes
Governor for the remainder of the term being served by the Governor who refused
or became unable to serve or vacated the office.


Tex. Const. art. 4, § 16. Though whomever the Senate selects will not become Lieutenant
Governor, he or she is constitutionally required to exercise the duties of the Lieutenant Governor,
both within the Senate and without. The exception permitting secret ballots for officer elections
does not apply. 

 The relators' argument that the district court lacks jurisdiction to intrude on the
Senate's internal rulemaking and elections is subject to the same constitutional infirmities.

 We deny the relators' petition for writ of mandamus.


Before Chief Justice Aboussie, Justices Yeakel and